## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

-------------------------------------------------------X

UNIQUE INDUSTRIES, INC.,
    a corporation of Pennsylvania
    4750 League Island Blvd.
    Philadelphia, Pennsylvania 19112-1222

                 Plaintiff,

        -against-

965207 ALBERTA LTD.,
    a corporation of Canada
    105-150 Crowfoot CR., NW
    Calgary, Alberta
    Canada T3G3T2

                 Defendant.

-------------------------------------------------------x

Case: 1:08-cv-01095
Assigned To : Urbina, Ricardo M.
Assign. Date : 6/25/2008
Description: General Civil

## COMPLAINT

Plaintiff for its Complaint against the Defendant respectfully alleges as follows:

## THE PARTIES

1.    Plaintiff, Unique Industries, Inc. (hereinafter "Unique") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and has a principal place of business at 4750 League Island Blvd., Philadelphia, Pennsylvania 19112-1222.

2.    Upon information and belief, the Defendant 965207 Alberta Ltd. is a corporation formed under the laws of Canada and has its principal place of business at 105-150 Crowfoot Cr., NW, Calgary, Alberta, Canada T3G3T2.

## JURISDICTION AND VENUE

3.    This action is for a declaratory judgement brought under the Federal Declaratory Judgement Act, 28 U.S.C. § 2201-02, and seeks a declaratory judgement of non-

infringement of patent rights asserted against Unique by Defendant 965207 Alberta Ltd. This action arises under the Patent laws of the United States, specifically 35 U.S.C. § 271. This court has jurisdiction of this claim under 28 U.S.C. §§ 1331(a), 1338(a) and 2201(a) and 2202.

4.    Personal jurisdiction and venue are further conferred by 35 U.S.C. § 293.

## DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF ANY PATENT RIGHTS ASSERTED BY DEFENDANT 965207 ALBERTA LTD.

5.    Unique markets throughout the United States supplies for use at parties and other social events. Unique markets such items as piñatas, balloons, paper goods, wrapping paper and other party and novelty products for use at parties and other celebrations. The party supplies of Unique include licensed designs or various designs created specifically for the products marketed by Unique. The designs created by or for Unique are typically distinctive to Unique. One such line of products marketed by Unique is a line of sparklers that simulate numerals, as well as a star. Attached hereto as Exhibit A are true and correct copies of illustrations if Unique's sparklers shaped as numerals and a star.

6.    Representatives of Defendant 965207 Alberta Ltd. have written to Unique and charged that sparklers of Unique infringe upon the rights of Defendant 965207 Alberta Ltd. in its United States design patent nos. D447,207 and D 451,164. Attached hereto as Exhibit B is a true and correct copy of such a letter dated January 21, 2008 sent by representatives of Defendant 965207 Alberta Ltd. to Unique enclosing the noted patents and threatening to commence litigation.

7.    Counsel for Unique has replied to the representatives of Defendant 965207 Alberta Ltd. noting the Unique sparklers could not possibly infringe the asserted patents. Attached as Exhibit C is a true and correct copy of a letter dated January 28, 2008 from

2

patent counsel for Unique to the representatives of Defendant 965207 Alberta Ltd. explaining why the Unique products could assuredly not infringe the asserted parents of Defendant 965207 Alberta Ltd.

8. The representatives of Defendant 965207 Alberta Ltd. have continued the charges of infringement and threats to commence litigation. Attached hereto as Exhibit D is a true and correct copy of such a letter dated February 4, 2008 sent by representatives of Defendant 965207 Alberta Ltd. to Unique. Attached as Exhibit E is a true and correct copy of a letter dated February 5, 2008 from patent counsel for Unique to the representatives of Defendant 965207 Alberta Ltd. In response to the letter of February 4th.

9. Representatives of Defendant 965207 Alberta Ltd. have continued the charges of infringement and threats to commence litigation; and attached hereto as Exhibit F is a true and correct copy of a letter of April 22, 2008 threatening litigation should Unique continue the marketing of its sparklers.

10. Unique is about to commence distributing its sparklers to many large customers throughout the United States, and is concerned that Unique or its customers may be sued by 965207 Alberta Ltd. for patent infringement.

11. A true and actual controversy, therefore, exists between Unique and 965207 Alberta Ltd. concerning the asserted infringement by Unique of the United States patent laws by the marketing of its products.

12. Plaintiff Unique, therefore, requests pursuant to 28 U.S.C. §§ 2201 and 2202, a declaratory judgement declaring that its line of sparkler products does not contain any products violating the patent or any related rights of 965207 Alberta Ltd.


WHEREFORE, Plaintiff prays:

3

A.    That the Court declare that the distribution, marketing, promotion or sale of sparklers of Unique does not violate any patent or related rights of 965207 Alberta Ltd.

B.    That the defendant 965207 Alberta Ltd. and its agents, servants, employees, attorneys and those persons in active concert or participation therewith be temporarily, preliminarily and permanently enjoined and restrained

(i)    from directly or indirectly making or causing to be made any charges that any sparklers of Unique violate any patents, trademark or trade dress rights of 965207 Alberta Ltd., or violate any unfair and deceptive trade practices laws;

(ii)    that 965207 Alberta Ltd. be required to identify to Unique and file with this Court within ten days after judgement a report in writing and under oath identifying each and every individual and business entity to which charges have been made by or on behalf 965207 Alberta Ltd. Or any of its agents or related companies that any sparkler product of Unique violates any rights including patents of 965207 Alberta Ltd's; and that each such individual or his/her associated business entity has been notified in writing that such charges are false and contrary to law;

(iii)    and from making any further charges that any rights of 965207 Alberta Ltd. have or are being violated by Unique or its officers or employees or related companies to any customer of Unique until after such charges have been made directly to Unique or its counsel and a reasonable opportunity has been given to Unique to respond to such charges;

C.    Awarding Unique its reasonable attorney fees for its declaratory judgements of non infringement as authorized by 35 U.S.C. § 285;

D.    Awarding Unique its full costs and litigation expenses; and,

E.    Further relief as the Court deems just and proper.

4

Dated: New York, New York
      June 24, 2008

Respectfully submitted,

Quentin R. Corrie
D.C. Bar No. 224469
Attorney for Plaintiff Unique Industries, Inc.
Birch, Stewart, Kolasch & Birch, LLP
Suite 100 East
8110 Gatehouse Road
Falls Church, VA 22042
Telephone: 703-205-8000
Facsimile: 703-205-8050
E-mail: qrc@bskb.com

Of Counsel:
Gerard F. Dunne
Law Office of Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, NY 10010-2007
Tel: 212-645-2410
Fax: 212-645-2435
email:jerry.dunne@dunnelaw.net

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Unique Industries, Inc | 965207 Alberta LTD. |

88888

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Quentin R. Corrie
Birch, Stewart, Kolasch & Birch, LLP
8119 Gatehouse Road, Suite 100 East
Falls Church VA, 22042

ATTOF

Case: 1:08-cv-01095
Assigned To : Urbina, Ricardo M.
Assign. Date : 6/25/2008
Description: General Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

◉ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

35 USC § 271- Plaintiff seeks a declaratory judgment of non-infringement of patent rights asserted by 965207 Alberta LTD.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** [ _____ ] Check YES only if demanded in complaint    **JURY DEMAND:** YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE June 25, 2008    SIGNATURE OF ATTORNEY OF RECORD _Cheuki R. Come_ (DC Bar 224469)

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., or 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**EXHIBIT A**























**EXHIBIT B**

# SEABY & ASSOCIATES

PATENT & TRADEMARK AGENTS



603 - 250 CITY CENTRE AVENUE
OTTAWA, CANADA K1R 6K7
TELEPHONE:    (613) 232-5815
TELECOPIER:    (613) 232-5831
E-MAIL:  office@seaby.ca

January 21, 2008

**WITHOUT PREJUDICE**

Unique Industries, Inc.
4750 League Island Boulevard
Philadelphia PA 19112
USA

To Whom It May Concern:

Re:    US Design Patent Infringement
       D447,207 and D451,164
       965207 Alberta Ltd.
       SPARKLER DESIGNS
       Our File: ID 673 US

We represent 965207 Alberta Ltd. with respect to intellectual property in Canada and the US. Our clients is owner of all right, title and interest in and to US Design Patents Nos. D 447,207 and D451,164 (copies enclosed) for sparkler designs. The sparklers are currently being sold under license by Samrok Inc.

It has come to our attention that you are selling sparklers which are identical to the sparklers disclosed and claimed in our client's US design patents. In this connection, our client recently saw the sparklers in question on sale at a trade show in Fort Worth, Texas, and the sparklers appear in your current catalogue.. It is our opinion and that of our client that your numerical and star-shaped sparklers (hereinafter SPARKLERS) constitutes an infringement of our client's exclusive rights.

Accordingly, we require an undertaking that all manufacture, use or sale of the SPARKLERS in question will cease. We also look to you to

       (i)     provide a full accounting of all sales of the SPARKLERS in the United
               States,

       (ii)    pay our client the profit made by the sale of such SPARKLERS,

...⁄2

(iii)   provide certified copies of all invoices relating to the sale of the SPARKLERS,

(iv)   identify any and all of your customers for the SPARKLERS in the US,

(v)   notify such customers that you will no longer be distributing the product and confirm that such notification has been sent, and

(vi)   identify the manufacturer of the SPARKLERS so that we can stop the production of infringing products.

In the event that you fail to reply to this letter or agree to the foregoing, our client will have no alternative but to take the appropriate legal action.

We look forward to receiving your reply.

Yours sincerely,

SEABY & ASSOCIATES

George A. Seaby

GAS:mg

US00D447207B1

(12) **United States Design Patent** (10) Patent No.: **US D447,207 S**
Sharma                                      (45) Date of Patent: ** Aug. 28, 2001

(54) SET OF NUMERICAL SPARKLERS

(75) Inventor: Alok Sharma, Calgary (CA)

(73) Assignee: Sunmix Canada Inc., Calgary (CA)

(**) Term: 14 Years

(21) Appl. No.: 29/134,277

(22) Filed: Dec. 19, 2000

(51) LOC (7) Cl. .............................................. 22-03
(52) U.S. Cl. .......................................... D22/112
(56) Field of Search ......................... D22/100, 112,
       D22/199; D21/379, 470; D26/5, 6, 7, 102/335,
       336, 344, 361, 518, 519, D10/59

(56)           References Cited

         U.S. PATENT DOCUMENTS

| D. 246,008 | * | 10/1977 | Tanikawa | D26/7 |
| D. 246,009 | * | 10/1977 | Tanikawa | D26/7 |
| D. 289,988 | * | 5/1978 | ......... | D26/7 |
| D. 313,628 | * | 1/1991 | Delombre | D21/470 X |
| D. 344,542 | * | 2/1994 | Lemon | D19/59 |
| 910,755 | * | 2/1909 | Weller | 102/335 |

| 1,936,221 | * | 11/1933 | Adler | 102/335 |
| 2,611,254 | * | 9/1952 | Byrnes | D26/7 |

* cited by examiner

*Primary Examiner*—Louis S. Zarfas
*Assistant Examiner*—Monica A. Weingart
(74) *Attorney, Agent, or Firm*—George A. Seaby

(57)            CLAIM

The ornamental design for a set of numerical sparklers, as
shown and described.

         DESCRIPTION

FIG. 1 is a front elevational view of the set of numerical
sparklers, the rear view being the mirror image thereof.
FIG. 2 is a top elevational view of the set of numerical
sparklers.
FIG. 3 is a bottom elevational view thereof.
FIG. 4 is a side elevational view of the set of numerical
sparklers as seen from the right in FIG 1, and.
FIG. 5 is a side elevational view of the set of numerical
sparklers as seen from the left in FIG. 1.

         1 Claim, 4 Drawing Sheets



Patent provided by Sughrue Mion, PLLC - http://www.sughrue.com.



FIG. 1

Patent provided by Sughrue Mion, PLLC - http://www.sughrue.com



Patent provided by Sughrue Mion, PLLC - http://www.sughrue.com



*FIG. 4*

Patent provided by Sughrue Mion, PLLC - http://www.sughrue.com

01·22·2008 15:59 FAX 6132323851     SEAB1 & ASSOCIATES     Ø007

**U.S. Patent**     Aug. 28, 2001     Sheet 4 of 4     US D447,207 S



*FIG. 5*

Patent provided by Sughrue Mion, PLLC - http://www.sughrue.com

US00D451164B1

(12) **United States Design Patent**    (10) Patent No.:    **US D451,164 S**
Sharma    (45) Date of Patent:    \*\* **Nov. 27, 2001**

(54) **SPARKLER**

(75) Inventor: **Alok Sharma**, Calgary (CA)

(73) Assignee: **Samruk Canada Inc.**, Calgary (CA)

(\*\*) Term: **14 Years**

(21) Appl. No.: 29/136,851

(22) Filed: **Feb. 8, 2001**

(51) LOC (7) Cl. ............................................ 22-03
(52) U.S. Cl. ............................................ D22/112
(58) Field of Search ........................... D22/100, 112,
D22/199, 102/335, 349, 355; D11/96, 96,
97, 98, 99, 108, D26/1, 4, 6, 7, D99/25

(56) **References Cited**

U.S. PATENT DOCUMENTS

| D. 234,776 | \* | 4/1975 | Moscowitz et al. | ................ | D11/96 |
| D. 246,398 | \* | 11/1977 | Raulson | ................ | D99/25 X |
| D. 246,607 | \* | 12/1977 | Radvich | ................ | D11/96 X |
| D. 247,192 | \* | 2/1978 | Maxwell | ................ | D26/7 X |
| 916,755 | \* | 1/1909 | Weller | ................ | 102/335 |
| 1,656,221 | \* | 1/1935 | Akel | ................ | 102/335 |

\* cited by examiner

*Primary Examiner*—Louis S. Zarfas
*Assistant Examiner*—Monica A Weingart
(74) *Attorney, Agent, or Firm*—George A. Seaby

(57)    **CLAIM**

The ornamental design for a sparkler, as shown and described.

**DESCRIPTION**

FIG. 1 is a front elevational view of the sparkler;
FIG. 2 is a top elevational view thereof;
FIG. 3 is a bottom elevational view thereof; and,
FIG. 4 is a side elevational view thereof, the other side being the mirror image thereof.

1 Claim, 1 Drawing Sheet



Patent provided by Sughrue Mion, PLLC - http://www.sughrue.com

**U.S. Patent**     Nov. 27, 2001     US D451,164 S



**FIG. 2**



**FIG. 1**     **FIG. 4**

**FIG. 3**

Patent provided by Sughrue Mion, PLLC - http://www.sughrue.com

**EXHIBIT C**

# GERARD F. DUNNE, P.C.

156 FIFTH AVENUE
SUITE 1223
NEW YORK, NEW YORK  10010-2007

TELEPHONE (212) 645-2410

FACSIMILE (212) 645-2435

January 28, 2008

**VIA EMAIL office@seaby.ca** and First Class mail
George A. Seaby
Seaby & Associates
603-250 City Center Avenue
Ottawa, Canada KIR 6K7

Re:    Unique Sparkler Wands
       Our File No.: 394-219

Dear Mr. Seaby:

We are intellectual property counsel for Unique Industries, and have been asked to reply to your letter of January 21ˢᵗ to Unique Industries asserting sparklers shown in the Unique catalog "are identical" to sparklers claimed in United States Design patents nos. D447,207 and D451,164; and infringe those patents.

We have reviewed the sparklers of Unique Industries, and certainly the sparklers of Unique Industries are not "identical" to the sparkles shown in the design patents you noted. In fact, each of the numerals of the Unique sparklers are noticeably different in ornamental design from the numerals of the asserted design patent; and the 5-pointed star of the Unique sparkler is certainly different in design from the 6-pointed star of the asserted patent.

A design patent does not protect the basic idea of a configuration for a product, note *OddzOn Prods., Inc. v. Just Toys, Inc.,* 122 F.3d 1396, 1405, 43 USPQ2d 1641, 1647 (Fed.Cir.1997). As noted in *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.,* 162 F.2d 1113, 1118 (Fed. Cir. 1998) "[s]imilarity of overall appearance is an insufficient basis for a finding of infringement, unless the similarity embraces the points of novelty of the patented design."

George A. Seaby
Seaby & Associates
January 28, 2008
page 2

Thus, the product concept of sparklers in the shape of numerals or a star is not protected by the design patents. Nor does copyright protect a product concept. As the United States Court of Appeals for the Ninth Circuit noted in a computer case entitled *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (1994):

> As we recognized long ago in the case of competing jeweled bee pins, similarities derived from common ideas cannot be protected; otherwise, the first to come up with an idea will corner the market. Citation omitted.

Design patent protection is very narrow, covering only what is shown in the drawings in the patent. *In re Mann*, 861 F.2d 1581, 1582 (Fed.Cir.1988); *see also Elmer v. ICC Fabricating*, 67 F.3d 1571, 1577 (Fed.Cir.1995). Protection is further limited to only the novel ornamental features of the patented design. *OddzOn Prods. v. Just Toys*, 122 F.3d 1396, 1405 (Fed.Cir.1997); *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed.Cir.1993); *Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed.Cir.1988).

The sparklers of Unique have certainly not appropriated the design of numerals that could be considered novel in the design illustrated in U. S. Design patent no. D477,207; nor has Unique appropriated any novel aspects of the six-pointed star of U.S. design patent no. D451,164.

The sparklers of Unique do not infringe the asserted patents, and Unique will not be complying with the demands in your January 21st letter.

Sincerely yours,

Gerard F. Dunne

GFD:jd

**EXHIBIT D**

# SEABY & ASSOCIATES

## PATENT & TRADEMARK AGENTS

603 - 250 CITY CENTRE AVENUE
OTTAWA, CANADA K1R 6K7
TELEPHONE:    (613) 232-5815
TELECOPIER:   (613) 232-5831
E-MAIL:  office@seaby.ca

February 4, 2008

Mr. Gerard F. Dunne, P.C.
156 Fifth Avenue, Suite 1223
New York, New York 10010-2007
USA

Dear Mr. Dunne:

Re:   Infringement
      Unique Industries
      Your File: 394-219
      Our File: ID 673 US

This is in reply to your letter dated January 28, 2008.

While the Unique Industry sparklers are not identical to our client's sparklers, the numerical and heart shaped sparklers shown in the Unique Industries catalogue are substantially identical, and constitute an infringement of our client's US design patents, D453,546 (copy enclosed) and D447,207 (the numerical sparklers).

It is acknowledged that a design patent does not protect the basic idea of a configuration for a product and that similarity of overall appearance is an insufficient basis for a finding of infringement unless the similarity embraces the points of novelty of the patented design. The points of novelty of our client's patented designs are in fact the shape of the numerals and the shape of the heart shown in D453,546. In the absence of any prior art, it is readily apparent that our client is the first to design sparklers in the shapes of numerals, a star and a heart. Accordingly, the Unique Industries sparklers clearly infringe our client's design patents.

Our client has instructed us to provide Unique Industries with another opportunity to settle this matter without the necessity of legal proceedings. With this in mind, our client is willing to grant a retroactive license to Unique Industries.

.../2

- 2 -

We look forward to receiving a reply at your earliest convenience and at the latest by February 8, 2008.

Yours sincerely,

SEABY & ASSOCIATES

George A. Seaby

GAS:mg

US00D4535465

## (12) United States Design Patent
### Sharma

(10) Patent No.: **US D453,546 S**

(45) Date of Patent: ** Feb. 12, 2002

(54) **SPARKLER**

(75) Inventor: **Alok Sharma**, Calgary (CA)

(73) Assignee: **Samrok Canada Inc.**, Calgary (CA)

(**) Term: **14 Years**

(21) Appl. No.: **29/138,414**

(22) Filed: **Mar. 14, 2001**

(51) LOC (7) Cl. .................................. 22-03
(52) U.S. Cl. ........................................ D22/112
(58) Field of Search ........................ D22/100, 108,
D22/111, 112, 199; D11/1, 7, 14, 79, 80,
81, 103; D26/4, 5, 6, 7, 9; 102/335, 336,
344, 361

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 174,182 A | * | 2/1876 | Snow | D11/103 |
| 910,755 A | * | 1/1909 | Walter | 102/335 |
| D95,676 S | * | 5/1935 | Gestel | D26/7 |
| 2,063,601 A | * | 12/1936 | Hummel | 102/336 |
| D283,405 S | * | 4/1986 | Berget | D11/81 |
| D447,207 S | * | 8/2001 | Sharma | D22/112 |

* cited by examiner

Primary Examiner—Louis S. Zarfas
Assistant Examiner—Monica A. Weingart
(74) Attorney, Agent, or Firm—George A. Seaby

(57) **CLAIM**

The ornamental design for a sparkler, as shown and described.

**DESCRIPTION**

FIG. 1 is a front elevational view of the sparkler, the back being the mirror image thereof;
FIG. 2 is a top elevational view thereof;
FIG. 3 is a bottom elevational view thereof; and,
FIG. 4 is a side elevational view thereof, the other side being the mirror image thereof.

1 Claim, 1 Drawing Sheet



U.S. Patent          Feb. 12, 2002          US D453,546 S



FIG. 3

FIG. 1

FIG. 2

FIG. 4

**EXHIBIT E**

*Law Offices of*

# GERARD F. DUNNE, P.C.

156 FIFTH AVENUE
SUITE 1223
NEW YORK, NEW YORK 10010-2007

TELEPHONE (212) 645-2410                                    FACSIMILE (212) 645-2435

February 5, 2008

**VIA EMAIL** office@seaby.ca and First Class mail
George A. Seaby
Seaby & Associates
603-250 City Center Avenue
Ottawa, Canada K1R 6K7

Re:    Unique Sparkler Wands
       Our File No.: 394-219
       Your File: ID 673 US

Dear Mr. Seaby:

In reply to your letter of February 4, 2008, you acknowledge that the law does not permit design patents to protect the basic idea of a configuration, and you then state that your client was "the first to design sparklers in the shape of numerals, a star and a heart." Inasmuch as you acknowledge the Unique sparklers are different in appearance, your basis for the continuation of the infringement charge is essentially that Unique's sparklers have the same basic idea of the design, namely, the shape of numerals, a heart or a star.

You apparently believe any sparkler in the shape of a numeral, a heart or a star infringes the asserted patents. Which is, of course, an attempt to protect the basic idea of a sparkler in the shape of a numeral, a star or a heart; and contrary to the law. The sparklers of Unique have a noticeably different design, and do not infringe the asserted design patents.

Unique has no need for a license as proposed in your February 4th letter.

Sincerely yours,

Gerard F. Dunne

GFD:jd

**EXHIBIT F**

# Fric, Lowenstein & Co. LLP

## BARRISTERS & SOLICITORS

WILLIAM H. FRIC, B.A., LL.B.*
HOWARD M. LOWENSTEIN, B.A. (HONS.), LL.B.
(ALSO OF MANITOBA BAR)
ANTHONY J. DI LELLO, B.A., LL.B.
NICOLE SIMONEAU, B. COMM, LL.B
JAGDEEP SAHOTA, B.A., LL.B (Student At Law)
*Denotes Professional Corporation

SUITE 310, 2891 SUNRIDGE WAY N.E.
CALGARY, ALBERTA
T1Y 7K7

TELEPHONE (403) 291-2594
FAX (403) 291-2668
E-mail: fric@svrg.se usp anet.net
Our file: 2049/ hm

April 22, 2008

**Without Prejudice**
via Fax:1-215-336-1930

Unique Industries
Philadelphia, U.S.A.

Attention: Craig Novak

RE:    Samrok Inc. Calgary, Alberta and Drutep Company Czech. Republic

We act for Samrok Inc and understand that you have been in contact with Drutep Company in the Czech Republic regarding the possibility of distributing their products in North America.

As you are well aware, our client has an exclusive distribution contract with Drutep for North America through 2019. However, notwithstanding such knowledge, your firm continues to contact Drutep regarding North American distribution.

It is our opinion that you are intentionally interfering with contractual relations which is actionable at law.

As you are also well aware, our client believes that certain sparkler products that you currently offer for sale infringe on U.S., Canadian and International design patents.

Please be advised that if your company continues with the above described conduct, our client will take all steps available to it in any and all courts of competent jurisdiction to protect its interest and recover all damages.

We trust that such steps will not be required.

Yours Truly,
FRIC LOWENSTEIN & CO LLP

HOWARD M. LOWENSTEIN
HML/ks