## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNIQUE INDUSTRIES, INC.,        :
                                  :
            Plaintiff,             :        Civil Action No.:     08-1095 (RMU)
                                  :
            v.                 :        Re Document Nos.:  69, 70, 71, 72
                                  :
965207 ALBERTA LTD.,        :
                                  :
            Defendant.        :
                                  :

## MEMORANDUM OPINION

### DENYING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the court on the parties' cross-motions for summary judgment. The defendant is a company that holds two design patents for numerical and star-shaped sparklers, a type of firework that throws off sparks when lit. The plaintiff is a company that sells similar products. The plaintiff commenced this action in pursuit of a declaratory judgment stating that its products do not infringe upon the defendant's design patents, and that the defendant's patents are invalid. The defendant maintains that its patents are valid, and it has asserted counterclaims against the plaintiff for patent infringement. Because genuine disputes of material fact prevent the issuance of summary judgment, the court denies the parties' motions.

## II.  BACKGROUND

### A. Legal Framework

The primary purpose of the patent system is to advance progress in the arts and sciences by granting an inventor the exclusive right to profit from the invention for a period of years.

*Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330 (1945); *In re CFLC, Inc.*, 89 F.3d 673, 679 (9th Cir. 1996). To preserve this exclusive right, federal law presumes that all existing patents are valid, 35 U.S.C. § 282 (1994), and this presumption can only be overcome by clear and convincing evidence to the contrary. *See, e.g., WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1355 (Fed. Cir. 1999).

There are several methods by which a plaintiff may mount an attack on the validity of a patent. For instance, a plaintiff may show that someone else invented the patented subject matter. 35 U.S.C. § 102(f). Such a patent is said to have "derived" from another's invention. *See Polymer Indus. Products Co. v. Bridgestone/Firestone, Inc.*, 2001 WL 253259, at *4 (Fed. Cir. Mar. 13, 2001). In addition, a plaintiff may show that the defendant's patent is invalid because it was "anticipated" by "prior art" – that is to say, the patented subject matter existed in the public domain at the time that the patent was obtained. *Retractable Technologies, Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1309 (Fed. Cir. 2011).

Should the patent be deemed valid, its owner may bring suit against individuals or organizations that possess products which "infringe" on the patent. 35 U.S.C. § 271. An individual infringes on a patent by producing a product that is so similar to the patented material that an ordinary observer might mistake one for the other. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678-79 (Fed. Cir. 2008). With this legal framework in mind, the court now turns to the factual and procedural history of this case.

### B.  Factual & Procedural Background

The plaintiff manufactures and markets party supplies such as balloons, paper goods, wrapping paper and novelty products, including sparklers. Compl. ¶ 5. In early 2008, the defendant contacted the plaintiff, asserting that the plaintiff's sparklers violated two of the

defendant's design patents: U.S. Design Patent Nos. D447,207 ("the 207 Patent") and D451,164

("the 164 Patent"). *Id.* ¶ 6; Def.'s Mot. for Claim Construction at 1. The 207 Patent covers a set

of numerical sparklers, represented by the figure below:



Def.'s Mot. for Claim Construction, Ex. A (207 Patent).

The 164 Patent is for a star-shaped sparkler represented by the figure below:



Def.'s Mot. for Claim Construction, Ex. B (164 Patent).

The plaintiff's numerical sparklers appear as follows:



*See* Pl.'s Mot. for Summ. J. on Non-Infringement at 3.  In addition, the Plaintiff's star-shaped

sparkler is shown below:



*Id.*

In June 2008, the plaintiff commenced this action in pursuit of a declaratory judgment to

the effect that its products do not infringe on the defendant's patents.  *See generally* Compl.  In

September 2008, the defendant responded by asserting counterclaims of patent infringement.

*See generally* Countercl.  In July 2009, the court resolved the parties' cross-motions for claim

construction.[1]  Mem. Op. (July 22, 2009) at 8-17.  The court construed the '207 Patent and the

164 Patent in the following manner:

> The '207 Patent is construed as the ornamental design of a set of sparklers, as
> shown in Figures 1-5 of the patent.  The patented design includes all of the

---

[1]    Before ruling on infringement claims, courts must first conduct "claim construction" to ascertain
the meaning and scope of a patent.  *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir.
1995).

sparklers illustrated in the drawings, including the number-shaped sparklers and the "?"-shaped sparkler. The term "set" encompasses sparklers that belong or are used together, regardless of whether they are packaged or sold together or separately.

The '164 Patent is construed as the ornamental design of a star-shaped sparkler, as shown in Figures 1-4 of the patent.

*Id.* at 16-17.

Following the court's ruling, the parties filed cross-motions for summary judgment in early 2010. In February 2011, the court denied the parties' motions and allowed the reopening of discovery for ninety days. *See* Mem. Op. (Feb. 17, 2011). Once the extended discovery period expired, the parties renewed their cross-motions for summary judgment. *See generally* Pl.'s Mot. for Summ. J. on Non-Infringement ("Pl.'s Non-Infringement Mot."); Pl.'s Mot. for Summ. J. on Invalidity ("Pl.'s Invalidity Mot."); Def.'s Mot. for Summ. J. on Infringement Regarding Patent 207 ("Def.'s 207 Mot."); Def.'s Mot. for Summ. J. on Infringement Regarding Patent 164 ("Def.'s 164 Mot."). With these motions ripe for adjudication, the court now turns to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A.  Legal Standard for Summary Judgment

Summary judgment is appropriate when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine dispute" is one whose resolution

could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006).  Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."  *Greene*, 164 F.3d at 675.

**B.  The Court Denies the Plaintiff's Motion for Summary Judgment Regarding Invalidity**

**1.  The Plaintiff Has Not Submitted Sufficient Evidence to Show that the Defendant Derived Its Patents from the Work of a Third Party Inventor**

The plaintiff claims that the defendant's patents are invalid because they were derived from the work of another inventor.  Pl.'s Invalidity Mot. at 2.  More specifically, the plaintiff

argues that the defendant's patents resemble pre-existing designs that were created by Drutep, a Czech company that manufactures the defendant's sparklers. *Id.* at 3. The plaintiff therefore asks the court to infer that the defendant copied Drutep's designs when the defendant applied for its patents. *Id.*

The defendant counters that its patents can only be rendered invalid on the basis of "derivation" if the plaintiff shows that Drutep specifically communicated its designs to the defendant. Def.'s Opp'n to Pl.'s Invalidity Mot. at 6. The defendant argues that the plaintiff has submitted no evidence of any such communication. *See id.*

Under 35 U.S.C. § 102(f), a person is not entitled to a patent if "he did not himself invent the subject matter sought to be patented." To show that a patent is invalid because it was "derived" from a third party's invention, a plaintiff must prove "both prior conception of the invention by another and communication of that conception to the patentee." *Eaton Corp. v. Rockwell Intern.*, 323 F.3d 1332, 1334 (Fed. Cir. 2003) (quoting *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576 (Fed. Cir. 1997)). The communication must be sufficient to enable an individual of ordinary skill in the art to make the patented invention. *Eaton*, 323 F.3d at 1344. Mere proof of a defendant had access to a third party's invention is not sufficient to carry the burden of proving derivation. *Hedgewick v. Akers*, 497 F.2d 905, 908 (Fed. Cir. 1974).

The plaintiff argues that Drutep was in the business of manufacturing sparklers at some point before the defendant filed his patent applications. *Id.* The plaintiff has offered no evidence to suggest that Drutep specifically communicated its designs to the defendant, however. *See* Pl.'s Invalidity Mot. at 3-4. Absent evidence of some communication between those companies, the plaintiff's evidence is legally insufficient to support its derivation argument. *Hedgewick*, 497

F.2d at 908.  The court cannot conclude, therefore, that the defendant's patent is invalid under 35

U.S.C. § 102(f).  *See Creative Compounds, LLC v. Starmark Labs.*, 651 F.3d 1303, 1313 (Fed.

Cir. 2011) (reaffirming patent validity when the party raising derivation claim failed to present

evidence supporting any specific communication).[2]  Accordingly, the court denies the plaintiff's

motion insofar as it argues that the defendant derived its patents from the inventions of a third

party.

### 2.   The Plaintiff Has Not Submitted Sufficient Evidence to Show that the Defendant Based Its Patents on Materials in the Public Domain

The plaintiff claims that the defendant's patent was "anticipated" by "prior art."  *See* Pl.'s

Invalidity Mot. at 5.  Stated otherwise, the plaintiff argues that the defendant's patents are invalid

because they are copied from designs that exist in the public domain.  *Id.*  More precisely, the

plaintiff argues that the defendant's patents are based on the plaintiff's own products.  *Id.* at 5-7.

The defendant counters that its patents are wholly distinct from the plaintiff's products,

which are merely a set of non-sparkling candles in the shape of numbers.  *See* Def.'s Opp'n to

Pl.'s Invalidity Mot. at 8.

To prove that a defendant's patent is anticipated by prior art, the plaintiff must show that

an ordinary observer would deem the patented material to be so similar to the prior art that he or

she might mistake one for the other.  *See Gorham Co. v. White*, 81 U.S. 51 (1871); *see*

*International Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009).

---

[2]      The plaintiff also suggests that the defendant's employees destroyed or failed to preserve
information necessary to prove communication of the patent, including the drawings of the bent
wires and other patent application records.  *See* Pl.'s Invalidity Mot. at 6.  The plaintiff asks the
court to infer that this putative evidence would have supported its claim.  *Id.*  The plaintiff's
entire argument has already been considered and rejected by this court, however.  *See* Mem. Op.
(Feb. 17, 2011) at 15-16.  The court will not reiterate its analysis here; suffice it to say that the
court rejects this argument for the same reasons that are more fully explained in this court's
earlier opinion.

The plaintiff carries the burden of producing the prior art it alleges to be the basis of anticipation. *See Egyptian Goddess*, 543 F. 3d 665, 678-79 ("Where, as here, an accused infringer elects to rely on the comparison [to] prior art as part of its defense against the claim of infringement [or anticipation], the burden of production of that prior art is on the accused infringer").

The plaintiff argues that the defendant's patents were anticipated by the following designs:



Pl.'s Non-Infringement Mot., Ex. A. In contrast, the defendant's patent contains the following designs:





*Id.*, Ex. B.  Even a cursory glance reveals significant differences between the plaintiff's

purported examples of prior art and the defendant's patented sparklers.  In particular, the court

highlights the fact that the defendant's candles throw off sparks, whereas the plaintiff's

submitted prior art do not.  *Id.*  In addition, an ordinary observer could notice a number of

differences between the shapes and relative sizes of the candles.  At best, the plaintiff has

demonstrated that there is a material issue of fact as to whether a reasonable observer could deem the defendant's sparklers to be substantially similar to publically available font types.  In this scenario, summary judgment is inappropriate.  *See Zenith Elec. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348 (Fed. Cir. 2008) ("Anticipation may be resolved on summary judgment if there is no genuine issue of material fact.").  Accordingly, the court denies the plaintiff's motion insofar as it argues that the defendant's patents were anticipated by fonts in the public domain.[3]

### C.  The Court Denies the Parties' Cross-Motions for Summary Judgment on Infringement

The plaintiff seeks summary judgment on the issue of infringement, arguing that no reasonable juror could conclude that its sparklers infringe upon the defendant's patents.  Pl.'s Non-Infringement Mot. at 1.  The plaintiff emphasizes a number of physical differences that distinguish its sparklers from the defendant's patented designs, including the following: (1) the plaintiff's sparklers are uniform in height and font, whereas the patented sparklers are not; (2) the plaintiff's patented set of sparklers includes a sparkler in the shape of a question mark, whereas the defendant's patent does not; and (3) the plaintiff's star-shaped sparkler has six points, whereas the defendant's patents include a star-shaped sparkler with five points.  *Id.* at 4-8.

In contrast, the defendant maintains that the plaintiff's sparklers are so similar to the defendant's patents that any ordinary observer would confuse the two.  *See generally* Def.'s 164 Mot.; Def.'s 207 Mot.  The defendant thus concludes that the differences highlighted by the plaintiff are so minute that they do not create a genuine dispute of triable fact.  Def.'s 164 Mot. at 2; Def.'s 207 Mot. at 2.

---

[3]     The plaintiff also argues that the defendant's patents are too conventional to be patented, an issue that the court has already addressed in its prior decision.  *See* Mem. Op. (Feb. 17, 2011) at 10-13.

When determining whether a party infringes upon another's patent, courts apply the "ordinary observer" test, which was originally set forth in *Gorham Co. v. White*, 81 U.S. 51 (1871). *See Egyptian Goddess*, 543 F.3d at 681. *Gorham* states that "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one is infringed [or anticipated] by the other." *Gorham Co.*, 81 U.S. at 51. Stated otherwise, the patentee must establish that an ordinary observer would be deceived into believing that the accused product is substantially the same as the patented design. *See Egyptian Goddess*, 543 F.3d at 681.

In general, whether or not a product infringes on a patent is a question of fact. *Catalina Lighting v. Lamps Plus, Inc.*, 295 F.3d 1277, 1287 (Fed. Cir. 2002); *L.A. Gear, Inc. v. Thom McAn Show Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993). Accordingly, if reasonable jurors could disagree as to whether an ordinary observer would believe the parties' products to be substantially similar, summary judgment is unwarranted. *Sun-Mate Corp. v. Koolatron Corp.*, 2011 WL 3322597 (C.D. Cal., Aug. 1, 2011) (denying cross-motions for summary judgment on the issue of infringement due to factual disputes regarding the similarity of the parties' products); *Degelman Industries, Ltd. v. Pro-Tech Welding and Fabrication, Inc.*, 2011 WL 6754040, at *17 (W.D.N.Y., May 27, 2011) (same).

Here, the parties deploy a number of fact-sensitive arguments in support of their claims. First, the plaintiff argues that its sparklers are "uniform" in their height and usage of font, whereas the defendant's patented sparklers vary in size and shape. Pl.'s Non-Infringement Mot. at 7, 9. In contrast, the defendant argues that its own sparklers are not truly "uniform" because their shape varies somewhat. Def.'s Opp'n to Pl.'s Non-Infringement Mot. at 6.

Second, the plaintiff argues that his star-shaped sparkler differs from the defendant's patent because it has six points instead of five. *See* Pl.'s Non-Infringement Mot. at 5-7. The defendant counters by arguing that both of the parties' designs ultimately contain an overall "visual theme" of a single-line hollow star-shape on a stick. Def.'s 164 Mot. at 4-6. The defendant thus argues that the plaintiff's star sparkler is so similar in overall impression to the defendant's patented star sparkler that the ordinary fireworks consumer would find the two to be the same. *Id.*

Third, the plaintiff highlights the fact that its set of sparklers contains a sparkler in the shape of a question mark, whereas the defendant's set of sparklers does not. Pl.'s Non-Infringement Mot. at 3. The defendant counters that this single difference does not alter the overall similarity between the parties' sparklers when viewed as a whole. *See* Def.'s 207 Mot., Ex. 4 at 3-4.

In sum, both parties have marshaled factual evidence in support of their arguments for summary judgment. The court is mindful, however, that when ruling upon summary judgment, it may not resolve factual disputes. *Anderson*, 477 U.S. at 255.; *George v. Leavitt*, 407 F.3d 405, 413 (D.C. Cir. 2005) ("[A]t the summary judgment stage, a judge may not make credibility determinations, weigh the evidence, or draw inferences from the facts – these are jury functions, not those of a judge ruling on a motion for summary judgment."). Because resolution of this question is best left for the trier of fact, summary judgment is inappropriate at this juncture. *Sun-Mate Corp.*, 2011 WL 3322597; *Degelman*, 2011 WL 6754040, at *17. Accordingly, the court denies the parties' cross-motions for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the court denies the parties' cross-motions for summary judgment.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 16th day of February, 2012.


RICARDO M. URBINA
United States District Judge